ERNEST M. CHAPIN, Appellant, *v.* GEORGE E. LEARNARD, Respondent.

(Submitted November 28, 1927; decided December 6, 1927.)

MOTION for reargument. (See 246 N. Y. 158.)

*Per Curiam.* Upon this motion for a reargument no question is raised that we have not considered upon the original argument and we adhere to the decision then made. The plaintiff is entitled to recover as compensation for services rendered a sum " measured by one-half the net profits made upon a sale of the stock of the Coxe Traveling Grate Company." The defendant has " sold " the stock. The purchase price upon the " sale " was not to be paid in cash but in securities of another corporation. The contract of sale was made in January, 1914. At that time the defendant was not in possession of any certificates of stock of the Coxe Traveling Grate Company. He received stock from time to time in installments as he made the stipulated payments upon a subscription agreement. As the defendant received stock of the Coxe Traveling Grate Company he delivered to

the purchaser the stock which he had agreed to sell and he received in exchange the securities which represented the proportional amount of the purchase price. Until the subscription agreement was carried out and the consideration stipulated in the contract of sale for the stock was actually paid to the defendant, the " profits " made on the sale of the stock could not be determined. Subscription agreement and contract of sale were complete in December, 1918. At that time the defendant was under an obligation to account to the plaintiff for the " profits " he had " made " upon the " sale." In that month he breached his contract. Now he must account. All these matters have been adjudicated and embodied in findings of fact and conclusions of law to which no exception was taken by the plaintiff and which we have recognized must form the basis for a judgment. The only question which remained open was the extent of the " profits " upon the " sale " of the stock which the defendant had made in December, 1918, when he was under an obligation to account. We have passed on no other question.

The value of the securities received by the defendant upon the sale of his stock was greater in December, 1918, when the last parcel was received, than when earlier installment of the purchase price was received. The courts below have held that profits must be measured by the total of the values of the parcels of securities received, " each parcel to be valued on the date it was received by defendant." The defendant might retain or sell the securities so received in accordance with his own will. Profits made upon the sale were in fact only paper or estimated profits until the securities so received were sold. This court has held as matter of law that under the circumstances disclosed by the findings of fact the " profits " made must be determined by the conditions as they existed at the date of the breach and not by estimating paper profits upon each separate parcel of

securities at the date it was received. At the time the defendant was under an obligation to account the defendant had sold some of the securities received earlier; he still had some in his possession. His profits then were the amount received for the securities he had sold together with the value of the securities still retained less his expenses. The majority of the court find in the record no finding of fact binding upon us which is in any wise in conflict with this conclusion and the conclusion is dictated by the findings made.

The motion for a reargument should be denied, with ten dollars costs and necessary printing disbursements.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and KELLOGG, JJ., concur; ANDREWS and O'BRIEN, JJ., concur in result.

Motion denied, etc.